**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levanna C. Traylor, On Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br>vs.<br><br>Avnet, Inc.; Avnet Pension Plan,<br><br>    Defendants. | No. CV-08-0918-PHX-FJM<br><br>**ORDER** |

This is a proposed class action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 29 U.S.C.). Plaintiff filed the original complaint in the United States District Court for the District of Southern Ohio on September 25, 2007, and defendants answered on November 14, 2007. The action was transferred to this court on May 13, 2008. The court now has before it plaintiff's motion for leave to file a first amended complaint (doc. 55), defendants' response (doc. 57), and plaintiff's reply (doc. 58).

The lodged proposed amended complaint would add several named plaintiffs and several claims. Because the original complaint has long been answered, plaintiff may amend her complaint only with the consent of the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." Id. However, in assessing the propriety of leave to amend, we consider the following factors: undue delay, bad faith, futility of amendment, and prejudice to the opposing party. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

1      Amendment will not cause undue delay. Though this action was filed over ten months
2  ago, it has only been in this district two-and-a-half months and has not advanced beyond the
3  answer stage. There is no allegation of bad faith. Defendants do not precisely allege that
4  amendment would be futile or prejudicial, but they do contend that plaintiff's proposed
5  amended complaint is "defective" because it "fails to provide adequate notice of the relief
6  sought therein." Response at 1. Further, defendants assert that they would not oppose
7  amendment "if the proposed plaintiffs were to correct this defect." Id.

8      The amended complaint, in which plaintiff alleges that defendants systematically
9  underpaid employee retirement benefits, contains a prayer for, among other things, "all relief
10 under ERISA § 502(a), 29 U.S.C. § 1132(a)." Lodged Proposed Amended Complaint at 40.
11 Not surprisingly, that section of ERISA provides for recovery of benefits due under an
12 employee benefit plan, enforcement of rights under the terms of a plan, clarification of rights
13 to future plan benefits, and statutory penalties in certain instances. The possible remedies
14 are broad, but defendants provide no authority that the proposed plaintiffs are required to be
15 more specific in their prayer for relief at this juncture.

16     We disagree with defendants' contention that the broad prayer for relief renders the
17 proposed amended complaint insufficient under Rule 8(a)(3), Fed. R. Civ. P. Although Rule
18 8(a)(3) requires that a complaint contain "a demand for the relief sought," the demand for
19 relief "is not itself a part of the plaintiff's claim." Bontkowski v. Smith, 305 F.3d 757, 762
20 (7th Cir. 2002). Therefore, failure to specify relief to which a plaintiff is entitled would not
21 warrant dismissal for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. Id.

22     Defendants rely on Seven Words LLC v. Network Solutions, Inc., 260 F.3d 1089
23 (9th Cir. 2001), in which the court held that in certain circumstances the plaintiff must put
24 the defendant on notice of the relief he seeks. But that case is very different from ours.
25 Seven Words concerned a claim for injunctive relief, apparently mooted once that relief
26 became unavailable. Id. at 1092–95. But the plaintiff, whose complaint contained a general
27 prayer for relief, contended that there was still a live controversy because money damages
28 might be available. Id. at 1095. The court disagreed, declining to construe the complaint

as requesting money damages. <u>Id.</u> at 1098. The court concluded that the plaintiff could not claim damages only "after various representations that it was seeking only declaratory and injunctive relief, after a motion to dismiss, and at the eleventh hour." <u>Id.</u> at 1098.

According to the court in <u>Seven Words</u>, decisions generally "go to great lengths to underscore the breadth of notice pleadings," <u>id.</u> at 1098 (citing <u>Lee v. City of L.A.</u>, 250 F.3d 668 (9th Cir. 2001)), but "the principle is not without limits," <u>id.</u> However, in that case, the court was concerned with a unique situation, namely "late-in-the-day damage claims," <u>id.</u> at 1097, when "failure to ask for particular relief substantially prejudiced the opposing party," <u>id.</u> at 1098 (quoting <u>Rental Dev. Corp. v. Lavery</u>, 304 F.2d 839, 842 (9th Cir. 1962)). There, the prayer for relief was too specific, not too broad. Nothing in <u>Seven Words</u> suggests that a specific prayer for relief is a prerequisite for an adequate complaint.

Though defendants allege that the proposed amended complaint fails to provide them with "adequate notice," <u>Response</u> ¶ 4, they do not specify how they believe the prayer for relief is prejudicial. If defendants believe that the proposed amended complaint "is so vague or ambiguous that [they] cannot reasonably prepare a response," then the proper approach would be a motion for a more definite statement under Rule 12(e), Fed. R. Civ. P. But at least with respect to the prayer for relief, we do not readily find the complaint vague or ambiguous. This is an ERISA action seeking the kinds of relief contemplated by ERISA.

For the forgoing reasons, **IT IS HEREBY ORDERED GRANTING** plaintiff's motion for leave to file a first amended complaint (doc. 55). **IT IS FURTHER ORDERED** directing the clerk to file plaintiff's lodged proposed amended complaint (doc. 56). Pursuant to Rule 15(a)(3), Fed. R. Civ. P., defendants shall have 10 days after the service of the amended complaint in which to file an answer.

DATED this 28th day of July, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge