**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Levanna C. Traylor; et al., | ) | No. CV-08-0918-PHX-FJM |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Avnet, Inc.; Avnet Pension Plan, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs bring this proposed class action alleging that defendants Avent, Inc. and Avnet Pension Plan (collectively, "Avnet"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, by improperly calculating participants' entitlement to and payment of lump sum benefit distributions. The court now has before it plaintiffs' motion for class certification (doc. 88), Avnet's response (doc. 92), and plaintiffs' reply (doc. 111).

**I**.

In 1993, Avnet amended the Avnet Pension Plan (the "Plan") to convert it from a traditional defined benefit plan to a cash balance plan effective January 1, 1994. Avnet froze accruals under the old Plan as of December 31, 1993, and converted those accruals into a "Cash Balance Account," which became the opening balance of the new Plan for years of service beginning January 1, 1994. While there was no lump sum distribution option

available under the pre-1994 Plan, the amended plan gave participants the option to receive their benefits in either a single lump sum payment or an annuity. Plaintiffs allege that in March, 1994, Avnet again amended the Plan by adding section 6.10(B) in order to limit a participant's right to elect a lump sum distribution if the present value of his pre-1994 retirement benefit was greater than his Cash Balance Account.

Plaintiffs Traylor, Moses, Coy, and Moriarty, representing the proposed Lump Sum Class, terminated their employment with Avnet between 2001 and 2005 and elected to receive pre-retirement lump sum distributions of their Plan benefits. These plaintiffs allege that their lump sum payments were incorrectly calculated because the Plan administrator failed to make a required "whipsaw calculation" in violation of ERISA, resulting in an underpayment of retirement benefits.[1] Plaintiffs Phillips, Small, Cohen, and Dison, representing the proposed Restricted Participant Class, allege that in 1994 they terminated their employment with Avnet and were denied the opportunity to elect lump sum payments based on Avnet's improper application of section 6.10(B) of the Plan.

Plaintiff Paul Gillespie, representing the proposed Unrestricted Participant Class, alleges that Avnet disseminates inaccurate information regarding the relative value of participants' benefit options in violation of its ERISA disclosure obligations.

Plaintiffs seek certification of the following classes:

(1) The Lump Sum Class. All persons for whom the Plan maintained an account at any time after 12/31/93 and who received a distribution from the Plan, whether in the form of a lump sum or annuity, between 1/1/94 and 8/17/06;

(2) The Restricted Participant Class. All persons for whom the Plan maintained an account at any time after 12/31/93 and who between 1/1/94 and 8/17/06 were not offered a lump sum distribution upon termination of their employment because the Plan determined that the present value of their pre-1/1/94 benefit exceeded their Cash Balance Account; and

(3) The Unrestricted Participant Class. All persons for whom the Plan maintains an account who are currently eligible to receive a lump sum distribution of their Plan benefit.

---

[1] On August 17, 2006, Congress enacted the Pension Protection Act of 2006, Pub. L. No. 109-280, 120 Stat. 780, which was intended in part to address the treatment of cash balance plans under ERISA, and to eliminate the whipsaw effect.

- 2 -

**II.**

Before we reach the issue of class certification, we consider two threshold jurisdictional issues. Avnet contends that plaintiffs fail to satisfy the "case or controversy" requirement of Article III with respect to two different groups of proposed plaintiffs—the Unrestricted Participant Class and members of the Lump Sum Class who elected to receive annuities.

**A.**

Avent first argues that we must deny certification of the Unrestricted Participant Class because the only proposed class representative, Paul Gillespie, does not have a claim that is ripe for review. Gillespie argues on behalf of himself and his proposed class that Avnet is violating its ERISA disclosure obligations by disseminating inaccurate and inadequate information regarding the value of participants' benefits. Avnet contends that, because Gillespie has not yet elected to receive benefits and has not received the disclosures that he now challenges, he has not suffered an injury that is ripe for adjudication.

Plaintiffs do not contend that Gillespie was actually given false or misleading information regarding the relative value of his benefit options. See Reply at 11. Instead, they simply reply that "Defendants are mistaken." Id. This bare assertion without any analysis, coupled with a reference to a factually distinguishable, unpublished opinion, is wholly insufficient to support plaintiffs' position. See Sekiya v. Gates, 508 F.3d 1198, 1200 (9th Cir. 2007) (a brief "*must* provide an argument which *must* contain appellant's contentions and the reasons for them") (emphasis in original); Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("we cannot manufacture arguments for an appellant") (quotation omitted). Despite the deficiency of plaintiffs' reply, we nevertheless consider the merits of Avnet's argument.

The ripeness doctrine is intended in part to prevent judicial review of legal issues outside the limits of Article III cases and controversies. It includes a constitutional and prudential component, "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs., Inc.,

1  509 U.S. 43, 57 n.18, 113 S. Ct. 2485, 2495 n.13 (1993). The constitutional component of
2  the ripeness inquiry often coincides squarely with the injury-in-fact prong of standing,
3  Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000), which
4  requires a showing that the allegedly unlawful conduct caused an actual or imminent injury,
5  not one that is hypothetical, conjectural, or abstract. O'Shea v. Littleton, 414 U.S. 488, 493-
6  94, 94 S. Ct. 669, 675 (1974). In the context of a class action, at least one named plaintiff
7  must satisfy the injury-in-fact component of standing in order to seek relief on behalf of
8  himself and members of his class. Id. at 494, 94 S. Ct. at 675.

9  Avnet argues that Paul Gillespie's claim is not ripe because he has not yet elected to
10 receive his benefits under the Plan and has not received the disclosures that he contends are
11 inaccurate and inadequate. Avnet contends that Gillespie's claim rests upon contingent
12 future events that may never occur. Gillespie himself testified that he has not "given any
13 thought" as to when he will elect to receive benefits. Gillespie Deposition at 33. He also has
14 not given any thought to the form of benefit he is likely to elect and has never seen the
15 benefit election forms that Avnet uses to inform participants of their distribution options. Id.
16 at 40.

17 We agree that Gillespie's concern that he might be provided with inadequate benefits
18 information at some unknown time in the future is insufficient to establish an actual case or
19 controversy under either a standing or ripeness analysis. A plaintiff's "'some day'
20 intentions—without any description of concrete plans, or indeed even any specification of
21 *when* the some day will be—do not support a finding of [an] 'actual or imminent' injury."
22 Lujan v. Defenders of Wildlife, 504 U.S. 555, 564, 112 S. Ct. 2130, 2138 (1992) (emphasis
23 in original). Because Gillespie has not yet suffered a concrete injury, nor is an injury
24 sufficiently imminent, he lacks standing to assert his claim and is not an adequate
25 representative of his proposed class. See Fed. R. Civ. P. 23(a)(4). We dismiss Gillespie's
26 claim and deny his motion to certify the Unrestricted Participant Class.

27                                                          **B.**

28

1          Avnet also challenges plaintiffs' inclusion in their definition of the Lump Sum Class 2 approximately 500 individuals who elected to receive annuities rather than lump sum 3 payments. Although annuitants are included in the definition of the proposed Lump Sum 4 Class, all of the named plaintiffs elected to receive a lump sum distribution of benefits. 5 Avnet contends that the annuitant class members suffered a different type of injury and seek 6 a different type of remedy, and therefore the named plaintiffs do not have standing to assert 7 claims on their behalf.

8          A plaintiff must demonstrate standing separately for each form of relief sought. Bates 9 v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (citing Friends of the Earth, 10 Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 185, 120 S. Ct. 693, 706 (2000)). A 11 "plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue 12 of that injury the necessary stake in litigating conduct of another kind, although similar, to 13 which he has not been subject." Blum v. Yaretsky, 457 U.S. 991, 999, 102 S. Ct. 2777, 2785 14 (1982).

15          Although both the named plaintiffs and the annuitants are alleged to have been injured 16 by the same unlawful conduct—Avnet's failure to properly calculate the lump sum 17 payment—their injuries and respective remedies are significantly different. The named 18 plaintiffs contend that Avnet's unlawful conduct caused them to be underpaid and they seek 19 an order requiring Avnet to pay the balance of their benefits. In contrast, the annuitants 20 claim that Avnet's miscalculation of their lump sum benefit effectively denied them the 21 opportunity to make an informed decision regarding their distribution election. They seek 22 injunctive relief in the form of an order requiring Avnet to offer them the option of 23 converting the balance of their annuity payments into a lump sum distribution. Because the 24 named plaintiffs and annuitants' respective injuries and forms of remedy are qualitatively

1  different, the named plaintiffs lack standing to press claims on the annuitants' behalf.[2] We
2  conclude that the annuitants are not proper members of the Lump Sum Class.

3  We now turn to the class certification requirements under Rule 23, Fed. R. Civ. P.
4  with respect to the remaining Lump Sum Class members and the Restricted Participant Class.

### III.

6  Before we may certify a class, plaintiffs must satisfy the requirements of both Rule
7  23(a) and (b), Fed. R. Civ. P. Under Rule 23(a), plaintiffs must establish (1) numerosity of
8  the parties; (2) commonality of legal and factual issues; (3) typicality of claims and defenses
9  between the class representatives and the class; and (4) adequacy of representation. Plaintiffs
10 must then show that the proposed class action fits within one of the four kinds of class
11 actions permitted under Rule 23(b). When a class is divided into subclasses, each subclass
12 must independently meet Rule 23 certification requirements. Betts v. Reliable Collection
13 Agency, 659 F.2d 1000, 1005 (9th Cir. 1981).

### A.  Rule 23(a)

15 There is no dispute that plaintiffs satisfy the numerosity requirement of Rule 23(a).
16 The Lump Sum Class is alleged to include some 3,500 members and the Restricted
17 Participant Class has approximately 1,500 members. These classes are sufficiently numerous
18 to make joinder impracticable. See Fed. R. Civ. P. 23(a)(1).

19 A class has sufficient commonality if "there are questions of law or fact common to
20 the class." Fed. R. Civ. P. 23(a)(2). The commonality factor is construed permissively and
21 is satisfied in this case. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).
22 Both the Lump Sum and Restricted Participant classes seek a declaration that Avnet used an

---

[2]Avnet also argues that the annuitants cannot satisfy the typicality and adequacy requirements of Rule 23(a)(3) and (4), Fed. R. Civ. P. Although a question exists as to whether this issue is appropriately considered under an Article III standing or Rule 23(a)(4) adequacy of representation analysis, see Gratz v. Bollinger, 539 U.S. 244, 263 & n.15, 123 S. Ct. 2411, 2423 & n.15 (2003), we conclude that plaintiffs fail to satisfy either test. Because the named plaintiffs' injury and remedy are qualitatively different from that of the annuitants, the named plaintiffs are not adequate representatives of the annuitants' claim.

1  unlawful methodology to calculate their pre-retirement lump sum benefits.  This alleged
2  unlawful calculation resulted in an underpayment of benefits in the case of the Lump Sum
3  Class, and precluded members of the Restricted Participant Class from receiving lump sum
4  payments.  These proposed classes have sufficient commonality of questions of law and fact
5  to satisfy Rule 23(a)(2).

6  Under the "typicality" prong of Rule 23(a)(3), plaintiffs must establish that "the
7  claims or defenses of the representative parties are typical of the claims or defenses of the
8  class."  The "adequacy" prong of Rule 23(a)(4) requires a showing that "the representative
9  parties will fairly and adequately protect the interests of the class."  The "typicality" and
10 "adequacy" requirements "tend to merge" in that both tests "serve as guideposts for
11 determining whether . . . the named plaintiff's claim and the class claims are so interrelated
12 that the interests of the class members will be fairly and adequately protected in their
13 absence."  General Tel. Co. v. Falcon, 457 U.S. 147, 157 n.13, 102 S. Ct. 2364, 2370 n.13
14 (1982).  Plaintiffs contend that both tests are met with respect to the Lump Sum and
15 Restricted Participant classes because the representative plaintiffs' claims are identical to
16 those of their respective classes.

### 1. Lump Sum Class

18 Avnet argues that the Lump Sum Class fails to meet the typicality and adequacy tests
19 because it intends to raise a statute of limitations defense and presumes that class members
20 will respond with equitable tolling defenses.  Avnet contends that individual issues, such as
21 knowledge and reliance, will predominate the class members' equitable tolling defenses,
22 thereby defeating the typicality and adequacy requirements of Rule 23(a).  Response at 9-10.

23 Plaintiffs aver, however, that they "do not intend to raise any individualized tolling
24 'defenses' in response to Defendants' limitations defense."  Reply at 2.  Instead, it appears
25 that their opposition to a statute of limitations defense will center on the choice of the
26 relevant state statute of limitations and the appropriate accrual date.  Although we are without
27 the benefit of full briefing on the issues, it appears that these issues raise questions of class-
28 wide, not individualized, applicability.  Id.  Therefore, Avnet's presumed statute of

1  limitations defense will not defeat plaintiffs' otherwise sufficient typicality and adequacy
2  showings.

### 2. Restricted Participant Class

4  Avnet raises no Rule 23(a) objection to certification of the Restricted Participant Class
5  other than to suggest that plaintiffs' motion is premature pending our resolution of its motion
6  to dismiss the class (doc. 66). We subsequently denied that motion (doc. 104), rendering
7  moot Avnet's only Rule 23(a) objection to certification of the Restricted Participant Class.

### B.  Rule 23(b)

9  Plaintiffs must not only satisfy the four requirements under Rule 23(a), but they must
10 also show that their proposed class action fits within one of the four kinds of class actions
11 listed in Rule 23(b).

12 Plaintiffs argue that Rule 23(b)(1)(A) certification is appropriate because multiple
13 actions would create a risk of "inconsistent or varying adjudications with respect to
14 individual class members that would establish incompatible standards of conduct for the
15 party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Rule 23(b)(1)(A) applies to "cases
16 where the party is obliged by law to treat the members of the class alike." Amchem Prods.,
17 Inc. v. Windsor, 521 U.S. 591, 614, 117 S. Ct. 2231, 2245 (1997). ERISA plans generally
18 require that all similarly situated participants be treated consistently. Therefore, a violation
19 of ERISA with respect to one participant generally establishes a violation with respect to all
20 similarly situated participants.

21 Plaintiffs also allege that certification is appropriate under Rule 23(b)(2), which
22 applies to cases where "the party opposing the class has acted or refused to act on grounds
23 that apply generally to the class, so that final injunctive relief or corresponding declaratory
24 relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). It is
25 undisputed that Avnet's challenged conduct—unlawfully calculating the lump sum
26 benefit—is generally applicable to all members of the proposed classes, and all members of
27 the proposed classes seek a declaration that Avnet's method of computing their lump sum
28

1  benefit is unlawful. This common application of injury and relief sought support certification
2  under Rule 23(b)(2).

3  Avnet argues, however, that the Lump Sum Class is not eligible for certification under
4  either Rule 23(b)(1)(A) or 23(b)(2) because it seeks monetary, as well as injunctive and
5  declaratory, relief. See Response at 4-5. It does not challenge certification of the Restricted
6  Participant Class, however, which seeks only declaratory and injunctive relief. We conclude
7  that plaintiffs have sufficiently established that class certification of the Restricted Participant
8  Class is appropriate under either Rule 23(b)(1)(A) or 23(b)(2).

9  Rule 23(b)(2) certification is "not limited to actions requesting only injunctive or
10 declaratory relief, but may include cases that also seek monetary damages," provided that
11 that the claim for monetary damages is "secondary to the primary claim for injunctive or
12 declaratory relief." Molski V. Gleich, 318 F.3d 937, 947 (9th Cir. 2003). "[T]he
13 predominance test turns on the *primary goal* of the litigation." Dukes v. Wal-Mart, Inc., 509
14 F.3d 1168, 1186 (9th Cir. 2007) (emphasis in original). In assessing plaintiffs' intent in
15 bringing the action, we must consider whether "(1) even in the absence of a possible
16 monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or
17 declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both
18 reasonably necessary and appropriate were the plaintiffs to succeed on the merits." Molski,
19 318 F.3d at 950 n.15.

20 The Lump Sum Class seeks more than just a declaration that its members' benefits
21 were incorrectly calculated. Instead, the Class members' primary goal is monetary relief in
22 the form of payment of the balance of their lump sum benefit. Individual calculations will
23 be required to determine the amount of damages for each class member. Unlike the case of
24 employment discrimination, it is unlikely that reasonable plaintiffs would bring this action
25 solely to obtain a declaration that Avnet miscalculated their benefits, without the prospect
26 of receiving the underpayment. See, Dukes, 509 F.3d at 1187-88. Therefore, class
27 certification of the Lump Sum Class under Rule 23(b)(1)(A) or (b)(2) is not appropriate.
28

- 9 -

Certification of the Lump Sum Class is appropriate, however, under Rule 23(b)(3). There is no question that the issues of law and fact common to class members predominate over any issues affecting only individual members, and that a class action is superior to other methods for fairly and efficiently adjudicating this controversy. See Fed. R. Civ. P. 23(b)(3). There are no issues that are specific to class members other than calculation of individual members' damages in the event they prevail on the merits of their claim.

## IV. Conclusion

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiffs' motion for class certification (doc. 88). Specifically, pursuant to Rule 23(b)(3), the Lump Sum Class is certified consisting of:

> All persons for whom the Plan maintained an account at any time after 12/31/93 and who received a lump sum distribution from the Plan between 1/1/94 and 8/17/06.

Pursuant to Rule 23(b)(1)(A) or (b)(2), the Restricted Participant Class is certified consisting of:

> All persons for whom the Plan maintained an account at any time after 12/31/93 and who between 1/1/94 and 8/17/06 were not offered a lump sum distribution upon termination of their employment because the Plan determined that the present value of their pre-1/1/94 benefit exceeded their Cash Balance Account.

Pursuant to Rule 23(c)(1)(B) and Rule 23(g), the Gottesdiener Law Firm, PLLC, the Blessing Law Firm, and Martin & Bonnett, PLLC, are appointed class counsel.

The motion for certification is denied with respect to Lump Sum Class members who elected annuities and to the Unrestricted Participant Class.

DATED this 22nd day of May, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge