**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levanna C. Traylor; et al., | No. CV-08-0918-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Avnet, Inc.; Avnet Pension Plan, | |
| Defendants. | |

The court has before it plaintiffs' motion to approve two modifications to class definitions and notice to the Lump Sum Class (doc. 144).

Plaintiffs first move to modify the Lump Sum and Restricted Participant Class definitions certified in our order dated May 26, 2009 (doc. 141) to specify that the members of both classes include "lawful beneficiaries, estates or alternate payees of" the Plan participants. Defendants do not oppose this modification and it is therefore granted.

Plaintiffs also seek modification of the Lump Sum and Restricted Participant Class definitions to include the modifier "notional" before the word "account" in order to clarify that the accounts are hypothetical only. Defendants do not dispute the accuracy of the modifier but contend that it is unnecessary and potentially confusing. Because "notional account" more accurately describes the class members' accounts, we approve plaintiffs' proposed modification.

| | |
|---|---|
| 1 | Therefore, IT IS ORDERED GRANTING plaintiffs' motion (doc. 144) to approve |
| 2 | two modifications to the class definitions certified by our order dated May 26, 2009 (doc. |
| 3 | 141) as follows: |

> The Lump Sum Class is certified consisting of all persons for whom the Avnet Pension Plan maintained a notional account at any time after 12/31/93, and who received a lump sum distribution from the Plan between 1/1/94 and 8/17/06; and the lawful beneficiaries, estates or alternate payees of such persons.
>
> The Restricted Participant Class is certified consisting of all persons for whom the Plan maintained a notional account at any time after 12/31/93, and who between 1/1/94 and 8/17/06 were not offered a lump sum distribution upon termination of their employment because the Plan determined that the present value of their pre-1/1/94 benefit exceeded their notional account balance; and the lawful beneficiaries, estates or alternate payees of such persons.

IT IS FURTHER ORDERED GRANTING plaintiffs' motion for approval of the form of notice to the Lump Sum Class attached as exhibit 1 to their motion, modified, however, to add the word "notional" before the term "account balance" in the fifth line of the definition of Restricted Participant Class.

IT IS FURTHER ORDERED GRANTING plaintiffs' unopposed request to appoint Rust Consulting, Inc., as Notice Administrator. The Notice, substantially in the form attached as exhibit 1 to plaintiffs' motion, with the modification noted above, shall be mailed by the Notice Administrator to all Lump Sum Class Members by first-class mail, postage pre-paid, no later than 30 days after the entry of this Order. The Notice shall be sent to all Class Members at their last known addresses, with address updating and verification by the Notice Administrator where reasonably available. Defendants shall provide Class Counsel and the Notice Administrator within 10 business days of entry of this Order a Class List in an Excel format with the following column fields: First Name, Last name, Last Known Address, City, State, Zip Code, Country (if foreign) as for each Lump Sum Class Member. The Notice Administrator shall file with the Court proof of mailing of the Notices to all Lump Sum Class Members within 45 days after entry of this Order. Lump Sum Class Members shall have 45 days from the date the mailing shall be complete to opt-out of the Class in the manner set forth in the approved Notice.

Plaintiffs shall be responsible for all costs of providing Notice, except that defendants shall be responsible for costs associated with providing Class Counsel and the Notice Administrator with a Class List in accordance with the terms of this Order.

DATED this 8th day of July, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge