**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levanna C. Traylor, *et al.* on behalf of themselves and on behalf of all others similarly situated<br><br>    Plaintiffs,<br><br>    vs.<br><br>Avnet, Inc.; Avnet Pension Plan,<br><br>    Defendants. | No. 08-cv-00918-PHX-FJM<br><br><br>**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE** |

The court GRANTS "Plaintiffs' Motion for (1) Final Approval of Class Action Settlement and Plans of Allocation, and (2) Class Counsel's Attorney's Fees and Expenses and Case Contribution Payments For Plaintiffs, And Memorandum of Point and Authorities in Support" (doc 194).

This litigation is a class action brought by Plaintiffs Levanna C. Traylor, Kevin R. Moses, James Frederic Coy, Gwyn M. Moriarty, Linda M. Phillips, Thomas G. Small, Dwayne E. Cohen, and Steve A. Dison ("Plaintiffs" or "Named Plaintiffs") individually and on behalf of the Lump Sum Class and Restricted Participant Class (the "Classes"),

against Defendants Avnet, Inc. and the Avnet Pension Plan ("Plan") (collectively, "Defendants").

Plaintiffs, on behalf of themselves and the Classes, and Defendants have agreed to settle this class action suit (the "Litigation") on the terms and conditions set forth in the Class Settlement Agreement dated November 6, 2009 (the "Agreement"), the original of which is filed with the Clerk of the Court and, together with all of its exhibits, is incorporated in this Judgment.[1]

On November 25, 2009, the Court entered an Order Preliminarily Approving Settlement And Approving Notice To The Classes, which directed that Notice be given to the Class Members of the proposed Settlement and of a Fairness Hearing. The Court made minor modifications to the Class definitions and approved the form and content of the Mailed Notices directed to Lump Sum Class Members and Restricted Participant Class Members and of the Publication Notice directed to the Lump Sum Class Members, which were attached as Exhibits to the Agreement (collectively, the "Notices"). The Notices informed the Class Members of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval of the Settlement; (ii) whether the Court should enter final judgment dismissing the Litigation with prejudice; (iii) whether the Court should approve the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; (iv) whether the Court should approve any amount of compensation to be paid to the Named Plaintiffs for

---

[1] Unless otherwise specifically defined herein, capitalized terms used in this Final Order and Judgment ("Judgment") have the same meaning as defined in the Agreement.

their contributions to the Classes; and (v) any objections by Class Members to any of the above.

In accordance with the Notices, a Fairness Hearing was held on March 5, 2010. No objections to the Settlement Agreement were filed with the Court. No objections were made at the Fairness Hearing.

The Court, having heard argument in support of the Settlement, having questioned counsel, and having reviewed all of the evidence and other submissions presented with respect to the Settlement and the record of all proceedings in this case, makes the following findings and conclusions:

1.      The Court has jurisdiction over the subject matter and the Parties to this Litigation, including the Lump Sum Class Members and the Restricted Participant Class Members.

2.      During the period December 16, 2009 through December 17, 2009, the Settlement Administrator caused the Mailed Notices of Settlement to be mailed to all Lump Sum Class Members. On February 5, 2010, the Settlement Administrator filed with the Court proof of mailing of those Notices to all Lump Sum Class Members. *See* Doc. 196.

3.      During the period December 17, 2009 through December 21, 2009, the Plan caused the Mailed Notices of Settlement to be mailed to all Restricted Participant Class Members. On February 23, 2010, the Defendants filed with the Court proof of mailing of those Notices to all Restricted Participant Class Members. *See* Doc. 197.

4. On December 22, 2009, the Settlement Administrator caused the Publication Notice to the Lump Sum Class to be published in the *USA Today* on a nationwide basis. On February 5, 2010, the Settlement Administrator filed with the Court proof of such publication. *See* Doc. 196.

5. On December 4, 2009, Class Counsel also published the Notices on the website dedicated to this litigation, www.traylorpensionclassaction.com, pursuant to the terms of the Agreement and this Court's Order. *See* Doc. 196, ¶ 9.

6. Notice to the Class Members has been given in an adequate and sufficient manner and the Notices given constitute the best notice practicable under the circumstances, and were reasonably calculated to apprise interested parties of the pendency of this Litigation, the nature of the claims, the definition of the Lump Sum Class and the Restricted Participant Class, and their opportunity to present their objections to the Settlement. The notices complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7. In response to the 3,462 individually mailed notices (in addition to the Publication Notice) to the Lump Sum Class, no Lump Sum Class Members filed objections to the Settlement or Class counsel's attorney's fee request or the request for named plaintiff case contribution payments prior to the Fairness Hearing. In response to the 973 individually mailed notices to the Restricted Participant Class, no Restricted Participant Class Members filed objections to the Settlement or Class counsel's attorney's fee request or the request for named plaintiff case contribution payments prior to the

Fairness Hearing. No objections by Lump Sum Class Members and no objections by Restricted Participant Class Members were presented at the Fairness Hearing.

8. After considering (i) whether the Agreement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Litigation; (iii) the stage of the proceedings and amount of discovery completed; (iv) the factual and legal obstacles to prevailing on the merits; (v) the possible range of recovery and the difficulties of calculating damages; and (vi) the respective opinions of the Parties, including Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel (who chose not to be heard), the Court finally approves the Settlement, including the Plans of Allocation, in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Fed. R. Civ. P. 23(e). The Court did note that this was a non-adversarial process which makes resolution of the fairness issue different from ordinary judging, as stated on the record.

9. The terms of the Agreement, including the Release and all Exhibits to the Agreement and to this Judgment, shall be forever binding on all Class Members.

10. Class Counsel have sought an award of attorney's fees, exclusive of costs and expenses, in an amount equal to 25% of the Total Settlement Amount, *i.e.*, $8.5 million, plus costs and expenses in the amount of $400,000 (the "Attorney's Fees"). Based on the evidence presented by Class Counsel and the entire record herein, the Court finds the Attorney's Fees to be fair and reasonable compensation and reimbursement in light of the result obtained for the Lump Sum Class and the Restricted Participant Class; the quality of Class Counsel's representation; the complexity of the litigation and novelty of some of the issues presented; the skill and experience of opposing counsel; the

significant time and resources expended in prosecuting this action; and the percentage-of-the-fund award requested compared to the range of awards granted in similar cases in this district and this Circuit.  Again, the Court noted that the uncontested nature of the request for fees compromised its ability to evaluate the risk involved.  Thus, its ability to measure the risk multiplier was necessarily limited, as more specifically stated on the record.

11.     Named Plaintiffs, Levanna C. Traylor, Kevin R. Moses, James Frederic Coy, and Gwyn M. Moriarty, seek, in addition to their allocable shares of the Lump Sum Class Settlement Fund, additional case contribution payments of $3,000 each for the time expended in pursuit of these claims, their diligence, and the benefits obtained by the Lump Sum Class.  The Court finds that such additional payment to each from the Lump Sum Class Settlement Fund is fair and reasonable.

12.     Linda M. Phillips, Thomas G. Small, Dwayne E. Cohen, and Steve A. Dison, seek, in addition to their allocable shares of the Restricted Participant Class Settlement Fund, additional case contribution payments of $3,000 each for the time expended in pursuit of these claims, their diligence, and the benefits obtained by the Restricted Participant Class.  The Court finds that such additional payment to each from the Restricted Participant Class Settlement Fund is fair and reasonable.

13.     The Court finds that the services rendered by Class Counsel and the efforts of the Named Plaintiffs identified above have been necessary, appropriate, and helpful in achieving and effectuating the Settlement, that the Settlement is a reasonable compromise by the Plan, and that the amounts of the Attorney's Fees and case contribution payments described in paragraphs 11 and 12, above, are therefore reasonable, appropriate, and

necessary expenses of administering the Plan and carrying out the purposes for which the Plan is maintained.

14.     The Court recognizes that Defendants have denied and continue to deny Plaintiffs' and the Class Members' claims.  Neither the Agreement, this Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as an admission of the Defendants, or any other person, of any fault, omission, mistake, or liability, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Agreement and this Court's Orders approving same shall be admissible only in proceedings to enforce the Agreement or this Judgment, but not as an admission of liability in the underlying Litigation.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

1.     The Parties shall carry out all the terms of the Agreement, including the payment of the Individual Net Settlement Benefits to the Lump Sum Class Members and the Restricted Participant Class Members, in accordance with the terms of the Agreement. The Court finds the allocation of the Total Settlement Amount to be fair, reasonable, adequate, and in the best interests of the Class Members.

2.     Releases:

A.     Each Releasor is bound by this Judgment and, as a result of it, has fully, finally, and forever released, acquitted and discharged the Released Parties from the Released Claims.  As used herein:

"Releasors" means collectively all of the Named Plaintiffs in the Litigation and all members of the Lump Sum Class and Restricted Participant Class.

"Released Parties" means Defendants, together with their fiduciaries, officers, employees, directors, predecessors, successors, counsel, actuaries, agents, and other affiliated parties.

"Released Claims" means any and all past, present and future causes of action, claims, damages, awards, equitable, legal, and administrative relief, interest, demands or rights that are based upon, related to or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Litigation, including but not limited to any and all "whipsaw" claims, claims that participants are entitled to lump sum payments in excess of their notional account balances, claims relating to the availability or unavailability of lump sum payments or other benefit distributions prior to normal retirement age, claims alleging that the term Cash Balance Account as used in the Plan means something other than a participant's notional account balance, claims relating to the conversion of the Plan to a cash balance plan, claims of age discrimination relating to the calculation of benefits, claims relating to the lawfulness of the Plan's interest crediting rates, claims relating to disclosures or communications relating to the Plan that Class Members did or did not receive, claims relating to the content of any Mailed Notice, Publication Notice, benefit election form, or related disclosure distributed in connection with this Settlement, and claims relating to the administration of the Lump Sum Class Settlement Fund or the calculation of Individual Net Settlement Benefits. Notwithstanding the foregoing, Released Claims do not include any claim (an "Individual Claim") that a Named Plaintiff could not have asserted on behalf of a Class Member, such as a claim that an individual Class Member's account balance was incorrectly calculated by reason of a factual error particular to that Class Member, provided that Effective Notice is given. Effective Notice means individual written notice to Class Counsel and Defendants' Counsel of such claim and the grounds therefor, received no later than the deadline set by the Court for objecting to the Settlement. Any Individual Claim for which Effective Notice is not provided shall be included as a Released Claim. This release is intended to be construed broadly. Notwithstanding the foregoing, Released Claims do not include a claim that seeks to enforce the obligations imposed in this Settlement.

B.      Releasors, without limitation, are precluded, estopped, and forever barred from bringing or prosecuting in the future any claim or cause of action released in the preceding subparagraph.

C. Releasors have acknowledged that they are releasing claims that are known and unknown, suspected and unsuspected, and discovered and undiscovered, and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, including those with respect to the allegations and subject matters in the Litigation. It is the intention of Releasors to fully, finally, and forever settle and release all such matters, and all claims and causes of action relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Litigation).

D. Releasors have expressly acknowledged certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor. Notwithstanding the choice of law provision in the Agreement, to the extent that California or other law may be applicable and enforceable, Releasors agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal and state laws, rights, rules, and legal principles of any other jurisdiction that may be applicable here, are knowingly and voluntarily waived and relinquished by Releasors, and Releasors acknowledge that this provision is an essential term of the Agreement and this Release.

E. Releasors have agreed that no third-party shall bring any Released Claims on behalf of any Releasor against any Released Party. Should any third-party do so, Releasors shall take all necessary action to secure the dismissal with prejudice of any such claim.

F. Nothing in this Release shall preclude any action to enforce the terms of the Settlement.

G. This Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by this Release. The Parties intend that the terms of this Release are to be broadly construed in favor of the Released Parties and in favor of the complete resolution of all Released Claims.

3. Except as otherwise provided in the Agreement and this Judgment, Plaintiffs and the Class Members shall take nothing in this Litigation and the Court hereby dismisses the claims of Plaintiffs and the Class Members against Defendants with prejudice and without costs.

4. Class Counsel is entitled to be paid Attorney's Fees in an amount equal to 25% of the Total Settlement Amount, *i.e.*, the amount of $8.5 million, and to costs and expenses in the amount of $400,000 from the Total Settlement Amount to be paid as expenses of the Plan in accordance with the payment terms of the Agreement.

5. As set forth in the Settlement Agreement and per the disclosures made to Lump Sum Class members, *see* Doc. 195 ¶ 18, the Settlement Administrator is authorized to assess, against the Lump Sum Class's proceeds up to $100,000 to cover the amount of

total settlement administration. Class counsel shall be responsible directly to the Settlement Administrator to make up any difference.

6. Named Plaintiffs, Levanna C. Traylor, Kevin R. Moses, James Frederic Coy, and Gwyn M. Moriarty are each awarded, in addition to their allocable shares of the Lump Sum Class Settlement Fund, an additional $3,000 as compensation for their contributions to the Lump Sum Class recovery, to be paid from the Lump Sum Class Settlement Fund in accordance with the payment terms of the Agreement.

7. Named Plaintiffs Linda M. Phillips, Thomas G. Small, Dwayne E. Cohen, and Steve A. Dison, are each awarded, in addition to their allocable shares of the Restricted Participant Class Settlement Fund, an additional $3,000 as compensation for their contributions to the Restricted Participant Class recovery, to be paid from the Restricted Participant Class Settlement Fund in accordance with the payment terms of the Agreement.

8. Without affecting the finality of this Judgment in any way, this Court will retain continuing jurisdiction for a reasonable period over all Parties and Class Members solely for purposes of enforcing this Judgment and, pursuant to it, the Settlement, and may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment and/or the Settlement.

9. This is a final and appealable judgment.

Dated this 13th day of April, 2010.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge