WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levanna C Traylor, et al., | No. CV-08-00918-PHX-FJM |
| Plaintiffs, | **ORDER** |
| v. | |
| Avnet Inc.; Avnet Pension Plan, | |
| Defendants. | |

This matter is before the Court, having previously entered Judgment on April 4, 2010 approving pursuant to Fed. R. Civ. P. 23(e) the settlement of this class action (the "Litigation") brought by Plaintiffs Levanna C. Traylor, Kevin R. Moses, James Frederic Coy, Gwyn M. Moriarty, Linda M. Phillips, Thomas G. Small, Dwayne E. Cohen, and Steve A. Dison ("Plaintiffs" or "Named Plaintiffs") individually and on behalf of the Lump Sum Class and Restricted Participant Class (the "Classes"), against Defendants Avnet, Inc. and the Avnet Pension Plan ("Plan") (collectively, "Defendants").

Upon consideration of Plaintiffs' Unopposed Motion for Approval of Second Distribution to the Class of Net Residual Settlement Funds (Doc. 205), which is supported by the Declaration of Ann Sturner, E.A., F.S.A. and the Declaration of Mark Cowen of Rust Consulting, together with exhibits attached thereto, the Court finds that there are 345 members of the Lump Sum Class ("Unreachable Class members") who cannot be located by the Settlement Administrator, Rust Consulting, Inc. ("Rust"),

despite its diligent efforts and that further efforts to locate these missing class members are unlikely to succeed.

Accordingly, it is hereby ORDERED that:

1. Rust shall perform a distribution to the 3,117 Lump Sum Class members who have been successfully located and paid ("Paid Class members") the net residual settlement proceeds attributable to 345 Unreachable Class members.

2. The second distribution shall be performed in the manner described and calculated by Enrolled Actuary Sturner in her August 5, 2016 declaration and accompanying attachments such that each Paid Class members shall receive a second payment from the Total Net Residual Settlement Funds on the same *pro rata* basis that the original net settlement benefits were allocated to individual members of the Lump Sum Class, except that all second payments shall be equal to the Class member's *pro rata* share of residual net settlement proceeds or $45, whichever is greater, but in no case shall the Class member receive a combined payment that exceeds his or her actual damages, as described in the Sturner Declaration.

3. The Court approves the proposed payment of $22,386.00 to the Settlement Administrator from the residual settlement funds for services to be rendered in connection with the second distribution of net residual settlement funds to the Paid Class members.

4. The distribution of residual settlement funds in the manner specified in the Rust and Sturner Declarations shall commence as soon as practicable without further order of the Court. Rust shall make two attempts to distribute residual settlement funds as specified in the Rust Declaration.

5. On or before the later of February 28, 2017 or six months from the date this Order is entered, the Settlement Administrator shall submit a written status report confirming the distribution of all residual settlement funds, or to the extent any residual settlement funds remain, detailing efforts taken to locate the newly unreachable Paid Class members and distribute residual settlement funds to them.

1   6. For the avoidance of doubt, no Paid Class Member and no Defendants shall be liable to any Unreachable Class members who may attempt to claim a settlement payment under the terms of the original plan of distribution in effect prior to the entry of this Order.

Dated this 17th day of August, 2016.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge