WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levanna C. Traylor, *et al.* on behalf of themselves and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>Avnet, Inc.; Avnet Pension Plan,<br><br>Defendants. | No. CV 08-00918-PHX-FJM<br><br>**ORDER APPROVING THIRD AND FINAL DISTRIBUTION OF NET RESIDUAL SETTLEMENT FUNDS** |

This matter is before the Court, having previously entered Judgment on April 4, 2010 approving pursuant to Fed. R. Civ. P. 23(e) the settlement of this class action (the "Litigation") brought by Plaintiffs Levanna C. Traylor, Kevin R. Moses, James Frederic Coy, Gwyn M. Moriarty, Linda M. Phillips, Thomas G. Small, Dwayne E. Cohen, and Steve A. Dison ("Plaintiffs" or "Named Plaintiffs") individually and on behalf of the Lump Sum Class and Restricted Participant Class (the "Classes"), against Defendants Avnet, Inc. and the Avnet Pension Plan ("Plan") (collectively, "Defendants").

Upon consideration of Plaintiffs' Unopposed Motion for Approval of Third and Final Distribution of Net Residual Settlement Funds, which is supported by the

Declaration of Ann Sturner, E.A., F.S.A. and the Declaration of Mark Cowen of Rust Consulting, together with exhibits attached thereto, the Court finds that, like the 345 members of the Lump Sum Class who could not be located in the Initial Distribution, another 567 members of the Lump Sum Class ("Unreachable Class members") could not be located by the Settlement Administrator, Rust Consulting, Inc. ("Rust") in the Second Distribution, despite its diligent efforts, and that further efforts to locate these missing class members are unlikely to succeed.

Accordingly, it is hereby ORDERED that:

1. Rust shall perform a distribution to the 2,547 Lump Sum Class members who were successfully located and paid in the Second Distribution and have yet to be fully compensated for their alleged underpayments ("Paid Class members") the net residual settlement proceeds attributable to the Unreachable Class members.

2. The third distribution shall be performed in the manner described and calculated by Enrolled Actuary Sturner in her July 5, 2017 declaration and accompanying attachments such that each Paid Class members shall receive a third and final payment from the Total Net Residual Settlement Funds on the same *pro rata* basis that the original net settlement benefits were allocated to individual members of the Lump Sum Class, except that all third payments shall be equal to the Class member's *pro rata* share of residual net settlement proceeds or $14, whichever is greater, but in no case shall the Class member receive a combined payment that exceeds his or her actual damages, as described in the Sturner Declaration.

3. The Court approves the proposed payment of $19,960.00 to the Settlement Administrator from the residual settlement funds for services to be rendered in connection with the third distribution of net residual settlement funds to the Paid Class members.

4. The distribution of residual settlement funds in the manner specified in the Rust and Sturner Declarations shall commence as soon as practicable without further order of the Court. Rust shall make one final attempt to distribute residual settlement funds as specified in the Rust Declaration.

5. Any residual settlement funds still remaining after the Settlement Administrator completes the third distribution shall be distributed to the Pension Rights Center under the doctrine of *cy pres*.

6. No later than December 30, 2017, the Settlement Administrator shall submit a written status report confirming the distribution of all residual settlement funds.

7. For the avoidance of doubt, no Paid Class Member and no Defendants shall be liable to any Unreachable Class members who may attempt to claim a settlement payment under the terms of the original plan of distribution in effect prior to the entry of this Order.

Dated this 8th day of August, 2017.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge